UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARIM MOWATT, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 09-2452 (BAH) |
| UNITED STATES PAROLE COMMISSION, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

Plaintiff Karim Mowatt filed the complaint in this matter in December, 2009, alleging that his Fifth, Sixth, Eighth and Fourteenth Amendment constitutional rights were violated when he did not receive a timely parole revocation hearing. Pending before the Court, are motions to dismiss the complaint by the Defendants U.S. Parole Commission and its employee, and the warden of the U.S. Penitentiary Atlanta. For the reasons set forth below, the motion to dismiss is granted.[1]

**I. Introduction and Background**

In 1989, Plaintiff was convicted in the Superior Court of the District of Columbia of drug and weapons charges and sentenced to of a minimum of 7 years, 4 months to 22 years in prison. Mem. of P. & A. in Supp. of Their Mot. to Dismiss Pl.'s Compl. at 2, ECF No. 12 [hereinafter Mem.]. He was released on parole in 2004, but the next year, following a physical altercation with police officers, he was federally indicted for several other drug and weapons charges in the District of Maryland. *U.S. v. Mowatt*, 513 F.3d 395, 398 (4th Cir. 2004); Mem. at 2. As a result,

---

[1] This case was reassigned to the current presiding judge on January 20, 2011.

a parole-violation warrant was issued, which was to be used as a detainer if Plaintiff were convicted on these federal charges. Mem. at 3. Plaintiff was convicted on the federal charges and sentenced to a 197-month prison term. *Id.* at 4.

On August 22, 2006, after Plaintiff had begun serving his federal sentence, Plaintiff's parole-violation warrant was erroneously executed rather than only lodged as a detainer. Mem. at 3–4. The U.S. Parole Commission promptly terminated the revocation process and lodged the warrant as a detainer. *Id.* at 4.

In 2008, the U.S. Court of Appeals for the Fourth Circuit vacated Plaintiff's conviction and the charges against him were dismissed. *Mowatt*, 513 F.3d 395; Mem. at 4. On February 28, 2008, the parole-violation warrant was again executed, triggering Plaintiff's entitlement to a prompt revocation hearing. Mem. at 5; *see* 28 C.F.R. § 2.102(f) ("An institutional revocation hearing shall be held within ninety days of the retaking of the parolee on the parole violation warrant."). He received that hearing on November 17, 2008, and his parole was revoked. Mem. at 6.[2]

Plaintiff now brings this action against the U.S. Parole Commission ("Commission"); Rhonda A. Moore, a case analyst for the Commission, in her official and individual capacity; and Loren A. Grayer, warden of the U.S. Penitentiary Atlanta, in his official and individual capacity. Compl. at 1. Plaintiff alleges that Defendants violated his Sixth Amendment right to counsel, Eighth Amendment right against cruel and unusual punishment, and Fifth Amendment right against deprivation of liberty without due process by imprisoning him on the execution of the

---

[2] For a fuller discussion of this background, see *Mowatt v. Ebbert*, No. 4:09-cv-2307, 2011 WL 1877639 (M.D. Pa. Mar. 15, 2011).

parole-violation warrant without holding a timely revocation hearing. *Id.*[3] Plaintiff seeks only damages as relief. *Id.* at 6.

The Commission exercises parole authority over D.C. Code offenders in accordance with the National Capital Revitalization and Self-Government Improvement Act, which is an Act of Congress applicable exclusively to the District of Columbia. Pub. L. No. 105-33, § 11231, 111 Stat. 712, 734–37 (1997); *see* 28 C.F.R. § 2.70; *Sellmon v. Reilly*, 551 F. Supp. 2d 66, 68 (D.D.C. 2008). "Every person who, under color of any statute . . . of . . . the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. "For the purposes of [§ 1983], any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." *Id.* Therefore, as a general matter, a D.C. Code offender may allege claims under § 1983 against the Commission or its employees stemming from the exercise of the Commission's parole authority over D.C. Code offenders. The Court will therefore consider claims against the Commission and Ms. Moore under § 1983.

Warden Grayer, however, exercises his authority under color of federal law, *see* 28 C.F.R. ch. V, not "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia," 42 U.S.C. § 1983. The Court will therefore consider official-capacity claims against Warden Grayer as made directly under the Constitution and personal-capacity claims against Warden Grayer as made under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes personal-

---

[3] Although Plaintiff purports to bring his due-process claim under the Fourteenth Amendment, *see* Compl. at 1, because Plaintiff has sued federal defendants, the Court construes the Fourteenth Amendment claim as brought under the Fifth Amendment, *see Peavey v. Holder*, 657 F. Supp. 2d 180, 186 n.6. (D.D.C. 2009) ("It is the due process clause of the Fifth, not the Fourteenth, Amendment that applies to actions of the federal government."), *aff'd*, No. 09-5384, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010).

capacity suits against officials acting under color of federal law for violations of constitutional rights as an analog to personal-capacity claims brought under § 1983 against officials acting under color of state law for such violations.

Defendants have moved in relevant part to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Defs.' Mot. to Dismiss, ECF No. 12; Mem. at 1. This motion will be granted. The Court lacks subject-matter jurisdiction over all claims against the Commission and all official-capacity claims against Ms. Moore and Warden Grayer because Defendants are entitled to sovereign immunity on such claims. Plaintiff fails to state any personal-capacity claim against Ms. Moore upon which relief can be granted because Ms. Moore is entitled to absolute immunity on such claims. Finally, Plaintiff fails to state any personal-capacity claim against Warden Grayer because Plaintiff has not sufficiently pled allegations of Warden Grayer's personal liability under the Fifth, Sixth, or Eighth Amendments. The Court need not reach Defendants' arguments under Rule 12(b)(2), (3), or (5). Moreover, the Defendants are incorrect in arguing that Plaintiff should assert his claims in a petition for habeas corpus because Plaintiff does not challenge the fact of his confinement.

## II.     Legal Standards

### A.     Motion to Dismiss Under Rule 12(b)(1)

A court must dismiss a case when it lacks subject-matter jurisdiction. *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 62 (D.D.C. 2007); Fed. R. Civ. P.12(b)(1). "Plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Am. Farm Bureau v. U.S. Envtl. Protection Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). It is well established

that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court must construe the allegations in the complaint liberally but "need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiffs' legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006); *see also Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64, 107 S. Ct. 2246 (1987). The Court must be assured that it is acting within the scope of its jurisdictional authority and therefore must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *See Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Westberg v. Fed. Deposit Inc. Corp.*, 759 F. Supp. 2d 38, 41 (D.D.C. 2011); *Dubois v. Wash. Mut. Bank*, No. 09-cv-2176, 2010 WL 3463368, at *2 (D.D.C. Sept. 2, 2010); *Hoffman v. District of Columbia*, 643 F. Supp. 2d 132, 135–36 (D.D.C. 2009); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001). In evaluating subject-matter jurisdiction, the Court, when necessary, may look beyond the complaint to "undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005).

  **B.** **Motion to Dismiss Under Rule 12(b)(6)**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face," as opposed to merely conceivable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although detailed factual allegations are not required, the complaint must set forth "more than an unadorned, the defendant-unlawfully-harmed-me accusation," *id.* at 1949 (2009), and may not merely state "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555. Instead, the plaintiff must plead facts that are more than "merely consistent with" a defendant's liability. *Id.* at 557.

## III. Discussion

### A. Plaintiff Does Not Raise a Habeas Claim.

The Court of Appeals for the District of Columbia Circuit has held that "habeas is the sole remedy available" for an "attack [on] the fact or duration of confinement." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 n.5 (D.C. Cir. 1988) (quotation marks omitted). Defendants argue that "Plaintiff's claims essentially amount to a challenge to the 'fact' of his incarceration and should be properly entertained as a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241." Mem. at 12. The Court disagrees with the Defendants and agrees with the Plaintiff that "[t]his is clearly not a Habeas Action and should not be construed as such." Pl.'s Reply to Defs. Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss at 2, ECF No. 16. Even if the Court were to agree with Plaintiff that his parole revocation hearing was untimely held, now that he has had such a hearing, the fact of his incarceration—i.e., the Commission's decision to revoke Plaintiff's parole—has been established. Therefore, instead of challenging the fact of his incarceration, Plaintiff merely challenges the delay in the establishment of that fact.

Furthermore, even if Plaintiff were challenging the fact of his incarceration, "[t]he appropriate remedy" for detaining an alleged parole violator without providing a timely revocation hearing would be "a writ of *mandamus* to compel the Commission's compliance"

6

with the requirement to hold a timely revocation hearing, "not a writ of *habeas corpus* to compel release on parole or to extinguish the remainder of the sentence." *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983). Regardless, a writ of mandamus would no longer be available in this case because Plaintiff has received his hearing, albeit allegedly late. *See id.*

> B. **The Court Lacks Subject-Matter Jurisdiction Over Claims Against the Commission and Official-Capacity Claims Against Ms. Moore and Warden Grayer.**

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction;" that is, the United States is entitled to sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Sovereign immunity is jurisdictional in nature." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Therefore, "[a]bsent a waiver, sovereign immunity shields the Federal Government . . . from suit." *Id.*

"Despite its role in administering parole for D.C. Code offenders, the Commission retains the immunity it is due as an arm of the federal sovereign." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). The United States has not waived that immunity. *Id.* at 1105–06. Therefore, "sovereign immunity blocks a § 1983 claim against the Commission." *Id.* at 1106. An official-capacity suit against a government official is simply "another way of pleading an action against an entity of which the officer is an agent." *Monell v. Dep't of Soc. Servs. of New York.*, 436 U.S. 658, 690 n.55 (1978). Therefore, the Commission's immunity extends to Plaintiff's claims against Ms. Moore in her official capacity.

The official-capacity claims against Warden Grayer sound in constitutional tort because they are brought directly under the Constitution. "[T]he United States has not waived sovereign immunity with respect to actions for damages based on violations of constitutional rights by

7

federal officials when brought against the United States directly, or against officers sued in their official capacities." *Hamrick v. Brusseau*, 80 F. App'x 116, 116 (D.C. Cir. 2003) (internal citations omitted). Therefore, Mr. Grayer is entitled to immunity in his official capacity.

### C. Plaintiff Fails to State a Personal-Capacity Claim Against Ms. Moore.

Defendants argue that Ms. Moore is entitled to absolute immunity from personal liability in this case. Mem. at 19–22. "Courts have extended absolute immunity to a wide range of persons playing a role in the judicial process." *Wagshal v. Foster*, 28 F.3d 1249, 1252 (D.C. Cir. 1994) (collecting cases). Whether a government official is entitled to absolute immunity turns on "(1) whether the functions of the official in question are comparable to those of a judge; (2) whether the nature of the controversy is intense enough that future harassment or intimidation by litigants is a realistic prospect; and (3) whether the system contains safeguards which are adequate to justify dispensing with private damage suits to control unconstitutional conduct." *Id.*

Commission officials "should be granted absolute immunity" because (1) the duty of such officials and judges "'is often the same: to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake,'" *Pate v. United States*, 277 F. Supp. 2d 1, 8 (quoting *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981)); (2) such officials and judges both "'face the same risk of constant unfounded suits by those disappointed by the parole board's decisions,'" *id.* (quoting *Sellars*, 641 F.2d at 1303); and (3) a person in custody may sue for a writ of mandamus if held without a timely parole revocation hearing, such that suits for damages are unnecessary to control unconstitutional conduct, *Sutherland*, 709 F.2d at 732. Such immunity extends to both Commissioners and other Commission employees. *See, e.g.*, *Reynolds El v. Husk*, 273 F. Supp. 2d 11, 13 (D.D.C. 2002) (extending absolute immunity to a Commission case examiner).

Plaintiff's claims against Ms. Moore, a case analyst with the Commission, stem from her having "assisted the Commission in issuing a parole violator warrant for Plaintiff's arrest, analyzing and recommending violation charges that should be lodged against Plaintiff," having "facilitated the scheduling of a preliminary interview or probable cause hearing after the Commission received notice that the parolee had been taken into custody on the violator warrant," and having "prepared a worksheet analyzing the status of the case and made a recommendation on determining probable cause and whether a revocation hearing should be conducted at a federal institution or in the locale of the arrest or alleged violation." Mem. at 20. Such are exactly the sorts of activities intertwined with the exercise of quasi-judicial power for which absolute immunity is afforded. *See*, *e.g.*, *Pate*, 277 F. Supp. 2d at 9 (dismissing claim stemming from an untimely revocation hearing because, *inter alia*, "scheduling a revocation hearing is integral to the judicial process, and thus entitled to absolute immunity"). Ms. Moore is therefore entitled to absolute immunity in this case and Plaintiff therefore fails to state a claim against her upon which relief can be granted.[4]

### D. Plaintiff Fails to State a Personal-Capacity Claim Against Warden Grayer.

Plaintiff asserts three claims of constitutional violations against Warden Grayer, each of which is without merit, as discussed below. First, Plaintiff alleges that Warden Grayer violated his Fifth Amendment right against deprivation of liberty without due process "by allowing the plaintiff to be held in solitary confinement for seven months without a hearing to determine if [his custody pursuant to the parole-violation warrant] was legitimate." Compl. at 1; *see also id.* at 6 ("Warden Loren A Grayer left plaintiff to languish and suffer for 7 months in his solitary confinement with no charges pending, with no response from the parole commission.").

---

[4] The Court therefore will not reach Defendants' argument that Ms. Moore is also entitled to qualified immunity or has not been sufficiently served with process.

However, Plaintiff makes no allegation that Warden Grayer had anything to do with the alleged deprivation of the process to which he was allegedly due: a timely parole revocation hearing. *See* Compl. Indeed, Plaintiff makes clear in his allegations concerning Mr. Grayer that his due-process claims are actually directed at the Commission and Ms. Moore, which and who allegedly gave "no response," resulting in Plaintiff's continued confinement under the executed parole-violation warrant. Compl. at 6; *see also id.* at 5 (alleging that "[t]he USPC and Rhonda A. Moore"—not Warden Grayer—"was [sic] responsible for whatever resolution [was] necessary for plaintiffs [sic] welfare"). Therefore, Plaintiff, with his conclusory claim that Warden Grayer violated the Fifth Amendment, fails to state such a claim upon which relief can be granted.

Second, Plaintiff alleges, without fuller explication, that Warden Grayer violated his Sixth Amendment rights. Compl. at 1. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI. Plaintiff only makes one allegation in his complaint that comes close to implicating the Sixth Amendment: "Plaintiff[,] while in solitary confinement" during the time after which he allegedly should have had his revocation hearing, "tried contacting his lawyer . . . to no avail." Compl. at 3. Plaintiff makes no allegation that Warden Grayer played any role whatsoever in Plaintiff's failure to contact his attorney, and Plaintiff further does not plead why such failure in any way infringed on his right to counsel once he had his hearing. *See id.* Plaintiff therefore fails to state a Sixth Amendment claim against Warden Grayer upon which relief can be granted.

Finally, Plaintiff alleges that Warden Grayer violated his Eighth Amendment rights by holding him "with no conviction, no pending charges[,] and no resolution from the USPS and Mr. Grayer[,] which was cruel and unusual punishment." *Id.* at 1; *see also id.* at 6 ("Mr. Grayer violated the plaintiffs [sic] rights against cruel and unusual punishment."). The Eighth Amendment protects against infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "A prison official violates the Eighth Amendment only when two requirements are met." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious' . . . ." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). A deprivation is sufficiently serious if "a prison official's act or omission" causing such a deprivation "result[s] in the denial of '"the minimal civilized measure of life's necessities."'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Id.* (quoting *Wilson*, 501 U.S. at 297). "[T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). Plaintiff does not make any allegation concerning Warden Grayer's state of mind. *See* Compl. Therefore, Plaintiff, with his conclusory claim that Warden Grayer violated Eighth Amendment, fails to state such a claim which relief can be granted. *See, e.g.*, *Simms v. Cal. Dep't of Corr. and Rehab.*, No. 09-cv-1353, 2009 WL 1955775, at *2 (N.D. Cal. July 6, 2009) (dismissing claim that a "delay in holding [a] parole revocation hearing resulted in cruel and unusual punishment" where the plaintiff "failed to allege facts that are sufficiently serious to satisfy the objective component or a requisite state of mind of a cognizable claim of cruel and unusual punishment").[5]

---

[5] The Court therefore will not reach Defendants' argument that Warden Grayer is entitled to qualified immunity or has not been sufficiently served with process.

## IV. Conclusion.

For the reasons discussed above, the Court will grant Defendants' Motion to Dismiss. A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

DATE: September 30, 2011